J-S64019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSEPH METTS, | |
| Appellant | No. 1242 WDA 2014 |

Appeal from the PCRA Order Entered July 29, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000769-1992

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 10, 2014**

Appellant, Joseph Metts, appeals from the trial court's July 29, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A detailed recitation of the facts of this case is unnecessary to our disposition.  Instead, we simply note that Appellant was convicted on May 4, 2000, of second degree murder, robbery, theft by unlawful taking, and receiving stolen property.[1]  Appellant was 17 years' old at the time he committed these crimes.  For his murder conviction, Appellant was sentenced to a mandatory term of life imprisonment.  This Court affirmed

_____

[1] A full recitation of the facts and procedural history leading up to Appellant's May 4, 2000 conviction can be found in **Commonwealth v. Metts**, 787 A.2d 996 (Pa. Super. 2001), the opinion of this Court affirming Appellant's judgment of sentence.

Appellant's judgment of sentence on November 19, 2001. **Metts**, 787 A.2d

996. On August 14, 2002, our Supreme Court denied his subsequent

petition for allowance of appeal. **Commonwealth v. Metts**, 806 A.2d 859

(Pa. 2002).

> More than eight years later, on July 26, 2012, Appellant filed [a]
> *pro se* PCRA petition, his first, in which he sought relief under
> **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[4] Appellant was
> appointed counsel on September 10, 2012. The PCRA court
> directed counsel to file a supplemental brief on the applicability
> of **Miller** after the Pennsylvania Supreme Court issued its
> decision in **Commonwealth v. Cunningham**[, 81 A.3d 1 (Pa.
> 2013)].[5] Although the Pennsylvania Supreme Court issued its
> decision on October 30, 2013, it does not appear that any such
> supplemental brief was filed. On November 5, 2013, the PCRA
> court filed a Pa.R.Crim.P. 907(1) notice of intention to dismiss
> the petition without a hearing based on untimeliness. Appellant
> filed a *pro se* response on December 2, 2013, in which he
> requested the court hold his petition in abeyance pending the
> consideration of **Cunningham** by the United States Supreme
> Court. On December 4, 2013, the PCRA court denied Appellant's
> request and dismissed the petition for untimeliness. Appellant
> timely appealed on December 12, 2013.
>
> _____
>
> [4] In **Miller**, the United States Supreme Court held "that
> mandatory life without parole for those under the age of 18 at
> the time of their crimes violates the Eighth Amendment's
> prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S.
> Ct. at 2460 (emphasis added).
>
> [5] In [] **Cunningham**, … the Pennsylvania Supreme Court held
> that the decision in **Miller** is not retroactive to persons whose
> judgments of sentence were final at the time **Miller** was
> decided. [**Cunningham**, 81 A.3d at 11].

**Commonwealth v. Metts**, No. 1983 WDA 2013, unpublished memorandum

at 2-3 (Pa. Super. filed May 13, 2014) (some footnotes omitted).

- 2 -

While Appellant's appeal from the denial of his first petition was pending, he filed a *pro se* "Amended Petition for Habeas Corpus Relief Under Article I, Section 14 of the Pennsylvania Constitution And For Post-Conviction Relief Under the Post Conviction Relief Act" (*Pro Se* Amended Petition). Therein, Appellant sought to amend his July 26, 2012 PCRA petition to argue that **Miller** "can be retroactively applied under broader principles of retroactivity based in Pennsylvania law, as suggested by both the majority and the concurrence in **Cunningham**." *Pro Se* Amended Petition, 12/20/13, at 4. On January 23, 2014, the PCRA court denied Appellant's request to amend his petition because an appeal from the denial of Appellant's July 26, 2012 petition was then pending before this Court.

On May 13, 2014, this Court issued an unpublished memorandum decision concluding that Appellant's PCRA counsel had effectively abandoned Appellant. Accordingly, we vacated the PCRA court's December 4, 2013 order denying Appellant's petition and remanded for an amended petition to be filed on Appellant's behalf. **See Metts**, No. 1983 WDA 2013, unpublished memorandum at 3-4.

On remand, the PCRA court appointed new counsel (the Public Defenders Office of Fayette County) to represent Appellant. On May 30, 2014, counsel filed an amended petition on Appellant's behalf. Curiously, counsel did not raise any of the arguments asserted by Appellant in his December 20, 2013 *Pro Se* Amended Petition. Instead, PCRA counsel presented a generalized argument that Appellant was entitled to a PCRA

- 3 -

hearing "based on the ruling of *Miller*[,]" which "should apply retroactively to [Appellant's] conviction." Counseled Amended Petition, 5/30/14, at 4.

On July 29, 2014, the PCRA court issued an order and opinion denying Appellant's amended petition. The court concluded that in light of *Cunningham*, "[a]n evidentiary hearing in this matter would serve absolutely no purpose since there is no evidence that needs to be presented and considered."[2] PCRA Court Opinion and Order, 7/29/14, at 2. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, he raises three questions for our review:

> [1.] Did the [PCRA court] err in denying [Appellant's] PCRA petition without [a] hearing?
>
> [2.] Should the court have reviewed [Appellant's] PCRA petition?
>
> [3.] Should the court have conducted a hearing on [Appellant's] PCRA [petition] based on the *Miller* decision?

Appellant's Brief at 7.[3]

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported

---

[2] It does not appear that the court filed a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing. However, Appellant does not object to that omission on appeal; accordingly, this issue is waived. *See Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

[3] Despite raising three separate issues, Appellant presents one continuous, undivided argument. Accordingly, we will address Appellant's three claims together.

by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on November 12, 2002, and thus, he had until November 12, 2003, to file a timely petition. While we consider Appellant's current petition as an amendment of his first petition filed on July 26, 2012, that initial petition was still facially untimely. Thus, for this Court to have jurisdiction to review the instant appeal, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In his brief, Appellant argues that he was entitled to an evidentiary hearing because he satisfied "one of the enumerated exceptions" to the PCRA timeliness requirement. Appellant's Brief at 10-11. While Appellant does not specify exactly which exception applies to this case, it is apparent from his argument that he is attempting to invoke the exception set forth in section 9545(b)(1)(iii). Specifically, Appellant argues that **Miller** creates a

- 6 -

new constitutional rule that "should apply retroactively to [Appellant's] conviction…." Appellant's Brief at 11. He elaborates:

> When the United States Supreme Court issued the **Miller** decision in June 2012, and rendered Pennsylvania's mandatory scheme of life imprisonment for first and second degree murder unconstitutional, it should have applied to any and all offenders under the age of eighteen at the time of their crimes. It is clear that evidentiary hearings should have been conducted on all cases, including [] [A]ppellant's case. The [**Miller**] majority remarked that its decision requires that a sentencing authority "follow a certain process" before imposing the harshest possible penalty on a juvenile offender. Therefore, simply denying [] [Appellant's] Post Conviction Petition without a hearing denies all process.
>
> It is [Appellant's] position that the **Miller** [decision] applies retroactively to him, even though he may have exhausted all his appeal rights and [is] proceeding under the [PCRA] since **Miller** had not been determined. Therefore, by simply denying the Post Conviction [petition] without a [*sic*] evidentiary hearing denies due process.

**Id.** at 4-5.

Appellant's arguments do not circumvent our Supreme Court's decision in **Cunningham**. We acknowledge that the **Cunningham** Court left open the possibility that **Miller** applies retroactively as a "watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding…." **Cunningham**, 81 A.3d at 4-5, 10. Justice Castille also suggested in his concurring opinion that **Miller** could possibly be held to apply retroactively under Pennsylvania constitutional law. **Id.** at 14

(Castille, J. concurring). However, Appellant does not present arguments in either of these regards.[4]

Consequently, we are compelled to conclude that Appellant's generalized claim that **Miller** applies retroactively is insufficient to distinguish his assertions from those already disposed of in **Cunningham**. Accordingly, Appellant has not proven the applicability of the timeliness exception set forth in section 9545(b)(1)(iii).

Order affirmed.

Judge Lazarus joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014

---

[4] It is unfortunate for Appellant that PCRA counsel did not assert any of the claims raised in Appellant's *pro se* petition filed on December 20, 2013, wherein Appellant attempted to assert that **Miller** applies retroactively under Pennsylvania constitutional law.