J-S66005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE M. GALE, | |
| Appellant | No. 995 MDA 2014 |

Appeal from the PCRA Order Entered June 5, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002716-1995

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 22, 2014**

Appellant, Andre M. Gale, appeals *pro se* from the court's June 5, 2014 order denying as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 11, 1996, Appellant was convicted by a jury of first-degree murder and conspiracy.  He was sentenced to an aggregate term of life imprisonment.  This Court affirmed his judgment of sentence on June 11, 1997, and, on October 28, 1997, our Supreme Court denied his petition for allowance of appeal.  **Commonwealth v. Gale**, 700 A.2d 1024 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 702 A.2d 1059 (Pa. 1997).

Appellant filed his first PCRA petition on November 24, 1997.  That petition was ultimately denied by the PCRA court, and this Court affirmed on

appeal. ***Commonwealth v. Gale***, 1520 HBG 1998 (Pa. Super 1999) (unpublished memorandum). Appellant filed a second PCRA petition on March 25, 2002, which was again denied by the PCRA court. This Court subsequently dismissed Appellant's appeal based on his failure to file a brief. ***Gale v. Sobina***, 1146 MDA 2003 (Pa. Super. 2003) (*per curiam* order). On October 2, 2007, Appellant filed a third PCRA petition. After the PCRA court denied it on January 30, 2008, this Court affirmed on December 1, 2008. ***Commonwealth v. Gale***, 965 A.2d 293 (Pa. Super. 2008) (unpublished memorandum). On May 17, 2012, Appellant filed a fourth petition for post-conviction relief. Again, the PCRA court denied that petition and this Court affirmed. ***Commonwealth v. Gale***, 82 A.3d 456 (Pa. Super. 2013).

On March 19, 2014, Appellant filed a *pro se* PCRA petition – his fifth – which underlies the instant appeal. On May 14, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. Appellant filed a response, but ultimately the court issued an order denying his petition on June 5, 2014. Appellant filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, he raises the following five questions for our review:

> 1. Whether jurisdiction over the person or subject matter was established on the record prior to the proceedings, absent a showing of probable cause, evidence nor judicial authorization?
>
> 2. Whether the petitioner was denied the right to due process of law when he was illegally seized [and] handcuffed to the floor,

not under arrest or Mirandized, subsequent [to] his refusal to give a signed statement?

3. Whether an abuse of discretion occurred when the state court allowed the Commonwealth to proceed against the petitioner with no showing on the record that an out of court identification of the petitioner by key witnesses was established prior to this arrest?

4. Whether the petitioner received ineffective assistance of counsel when counsel[]failed to challenge the defective fact[-]finding process and procedures[,] *e.g.* illegal seizure, lack of jurisdiction over the person or subject matter, on the record, prior to the proceedings, lack of evidence nor probable cause to implicate the petitioner?

5. Whether the denial of a full and fair evidentiary hearing of the petitioner's claims, herein, was prejudicial?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior

Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on January 26, 1998, which was 90 days after the Pennsylvania Supreme Court denied his

petition for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final 90 days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had 90 additional days to seek review with the United States Supreme Court). Consequently, it is clear that Appellant's March 19, 2014 PCRA petition was patently untimely.

We need not address the specifics of the five issues Appellant raises on appeal because he makes *no* attempt to argue the applicability of any timeliness exception set forth in section 9545(b)(1). Accordingly, Appellant has failed to demonstrate that the PCRA court erred in denying his petition as untimely.[1]

_____

[1] We also note that Appellant fails to explain why he could not have raised the claims asserted herein on direct appeal or in one/any of his four prior PCRA petitions. Accordingly, aside from the timeliness issue, Appellant's claims are also waived. ***See*** 42 Pa.C.S. § 9543(a)(3) (directing that to be eligible for PCRA relief, the petitioner must plead and prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (stating an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2014