J-S07011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELISSA MAE NYE, | |
| Appellant | No. 1263 MDA 2014 |

Appeal from the PCRA Order Entered July 7, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000555-2004

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 25, 2015**

Appellant, Melissa Mae Nye, appeals from the post-conviction court's July 7, 2014 order denying as untimely her petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545.  We affirm.

On December 15, 2004, Appellant pled guilty to third-degree murder following the stabbing death of her boyfriend, Jeff Walker.  On March 14, 2005, Appellant was sentenced to a term of 17 to 40 years' imprisonment.  She filed a timely direct appeal, and we affirmed her judgment of sentence on April 26, 2006.  **Commonwealth v. Nye**, 902 A.2d 980 (Pa. Super. 2006) (unpublished memorandum).  Appellant did not seek allowance of appeal with our Supreme Court.

On January 19, 2007, Appellant filed at timely PCRA petition alleging ineffective assistance of her plea counsel. Her petition was denied after an evidentiary hearing. Appellant timely appealed to this Court and, after we affirmed the denial of PCRA relief, our Supreme Court denied Appellant's subsequent petition for allowance of appeal. *Commonwealth v. Nye*, 953 A.2d 604 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 959 A.2d 319 (Pa. 2008).

Appellant filed the instant *pro se* PCRA petition on August 3, 2011. Counsel was appointed and an amended petition was filed on February 24, 2014. Following an evidentiary hearing on June 13, 2014, the PCRA court issued an order denying Appellant's petition as untimely on July 7, 2014. Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, she raises two issues for our review:

> 1. Whether [the PCRA [c]ourt failed to properly consider [Appellant's] [PCRA] [p]etition including [c]onstitutional [d]eprivations such as [i]neffective [a]ssistance of [c]ounsel where the [c]ourt held that the [p]etition was filed outside of the one year statutory mandate found in 42 Pa.C.S.A. § 9545(b)?
>
> 2. More specifically, whether the [PCRA] [c]ourt failed to properly consider, as after discovered evidence, and thereby an exception to the one (1) year filing requirement for PCRA's, the recent admission by [Appellant's] daughter that she was the assailant who stabbed [the victim,] Jeff Walker, resulting in his death in April 2002?

Appellant's Brief at 1-2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 27, 2006, at the expiration of the thirty-day time period for seeking review with the Pennsylvania Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (directing that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Therefore, Appellant had until May 27, 2007, to file a timely petition, making her instant petition filed on August 3, 2011, patently untimely. Consequently, for this Court to have jurisdiction to review the merits of that petition, Appellant must prove that she meets one

of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, while Appellant alludes to an ineffective assistance of counsel claim in the first issue set forth in her 'Statement of the Questions' section of her brief, she does not present any discussion relating to counsel's ineffectiveness in her 'Argument' section.[1]    Instead, Appellant solely contends that her petition satisfies the after-discovered evidence exception of section 9545(b)(1)(ii) because "[r]ecently, [she] became aware that her daughter, Crystal Harnish[,] has admitted to committing the acts which resulted in the death of Jeff Walker."  Appellant's Brief at 8.

By way of background, Appellant testified at the PCRA hearing that on the night Mr. Walker was murdered, she and Mr. Walker were drinking heavily and began arguing.  N.T. PCRA Hearing, 6/13/14, at 5.  At that time, the only people present in Appellant's residence were Mr. Walker, Appellant, and her then 13-year-old daughter, Crystal.  *Id.*  Appellant testified that Mr. Walker became physical with her, at which point she walked "into [her] bedroom to throw his clothes out into the dining room area for him to

---

[1] In any event, it is well-settled that "a claim that counsel was ineffective will not save an untimely PCRA petition." **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001) (citing **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)).

leave." ***Id.*** She stated that "after that[,] all I remember is seeing him holding his chest and bleeding … [from] a stab wound." ***Id.***

Appellant further testified that at "[t]he end of 2010[,]" she was told by family members that Crystal admitted to stabbing Mr. Walker. ***Id.*** at 6. Approximately six months later, Appellant filed her *pro se* PCRA petition alleging that her daughter's admission constituted after-discovered evidence satisfying section 9545(b). ***Id.*** at 7. At the PCRA hearing, Crystal - who was then 25 years old - took the stand and admitted that she stabbed Mr. Walker. ***Id.*** at 8. Crystal stated that Appellant took the blame for Mr. Walker's murder, and pled guilty to third-degree murder, in order to protect her. ***Id.*** at 10.

We are compelled to conclude that this evidence does not satisfy the exception set forth in section 9545(b)(1)(ii). First, Appellant has failed to prove that Crystal's stabbing Mr. Walker was 'unknown' to her. Appellant and Crystal were the only two individuals in the residence with Mr. Walker at the time he was stabbed; therefore, if Appellant did not stab Mr. Walker, she must have known that Crystal did. Moreover, Crystal testified at the PCRA hearing that Appellant took the blame for the crime to protect her daughter, thus confirming that Appellant knew Crystal stabbed Mr. Walker.

Additionally, even if we considered Crystal's actual *admission* that she stabbed Mr. Walker as newly discovered evidence previously 'unknown' to Appellant, Appellant makes no argument that she could not have discovered this fact earlier had she exercised due diligence. Specifically, Appellant does

not claim that Crystal denied stabbing Mr. Walker until 2010 when she confessed to several family members, or that Crystal would not have confessed sooner had Appellant asked her about her involvement in the stabbing.

Finally, even if Crystal's confession constituted after-discovered evidence that Appellant could not have obtained earlier with the exercise of due diligence, Appellant has not proven that she filed her *pro se* PCRA petition within 60 days of discovering that fact, as mandated by section 9545(b)(2).  Appellant testified at the hearing that she learned of Crystal's confession at the end of 2010, yet she did not file her petition until "[a]pproximately six months after that[,]" in August of 2011.  N.T. PCRA Hearing at 7.  Clearly, Appellant's petition was filed beyond 60 days of her discovering Crystal's admission.

For all of these reasons, we conclude that the PCRA court properly denied Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/2015