J-S46020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL THOMPSON, | |
| Appellant | No. 2556 EDA 2014 |

Appeal from the PCRA Order of August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0803561-1985

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 21, 2015**

Appellant, Carl Thompson, appeals *pro se* from an August 12, 2014 order that dismissed as untimely his fifth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 21, 1986, a jury found Appellant guilty of third-degree murder, aggravated assault, criminal conspiracy, and possession of an instrument of crime. Thereafter, on July 15, 1986, the trial court sentenced Appellant to serve life in prison for the murder conviction and concurrent prison terms for the remaining convictions. This Court affirmed Appellant's judgment of sentence on January 19, 1988 and our Supreme Court denied *allocator* on September 19, 1988.

Between October 1988 and October 2007, Appellant filed four unsuccessful petitions for collateral review. Appellant filed the instant

petition, his fifth, on June 13, 2013. He subsequently filed a supplemental petition on August 12, 2013. On March 13, 2014, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response on March 24, 2014. The PCRA court dismissed Appellant's petition as untimely on August 12, 2014. Appellant filed a timely notice of appeal on August 27, 2014 and the PCRA court explained its dismissal order in an opinion issued on December 12, 2014.

On appeal, Appellant challenges the PCRA court's dismissal of his petition as time-barred. The following principles govern our review of Appellant's claims:

> This Court's standard of review regarding an order granting or denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).
>
> We must begin by addressing the timeliness of the Petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless

one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

***Commonwealth v. Cristina***, 114 A.3d 419, 421 (Pa. Super. 2015).

Here, it is undisputed that Appellant's petition is untimely and that he needed to plead and prove at least one of the timeliness exceptions set forth in §§ 9545(b)(1)(i)-(iii). Since Appellant argued that newly-recognized constitutional rights excuse the untimely nature of his most recent petition, we focus on whether Appellant can rely on § 9545(b)(1)(iii) to overcome the PCRA's time restrictions.

- 3 -

Subsection (iii) of Section 9545[ (b)(1) ] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Cristina*, 114 A.3d at 421-422 (citations omitted).

In his original petition, Appellant relied on *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012) to invoke the timeliness exception found in § 9545(b)(1)(iii). In *Miller*, the United States Supreme Court held that life imprisonment without the possibility of parole is unconstitutional when imposed upon juvenile homicide defendants. For the following reasons, Appellant cannot invoke *Miller* to satisfy the requirements of § 9545(b)(1)(iii). First, although the decision in *Miller* was filed on June 25, 2012, Appellant did not file the instant petition until June 13, 2013. Hence, Appellant failed to comply with the 60-day filing requirement found in § 9545(b)(2). Second, it is clear that neither the United States Supreme Court, nor the Pennsylvania Supreme Court, has held that the rule in *Miller* applies retroactively. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (U.S. 2014); *Cristina*, 114 A.3d at 423; *Commonwealth v. Seskey*, 86 A.3d 237 (Pa. Super. 2014), *appeal denied*,

101 A.3d 103 (Pa. 2014). Thus, we agree with the PCRA court that Appellant cannot rely on **Miller** to establish the exception set forth in § 9545(b)(1)(iii).

Appellant's supplemental petition alleges that the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013) announced a newly-recognized constitutional right that allows him to invoke the timeliness exception found at § 9545(b)(1)(iii). **Alleyne** held that "any fact that increases the mandatory minimum is an element [of the crime] that must be submitted to the jury." **Alleyne**, 133 S.Ct. at 2155. However, since neither the United States Supreme Court nor our Supreme Court has held that **Alleyne** applies retroactively to cases on collateral review, **Alleyne** does not satisfy the newly-recognized constitutional right exception set forth at § 9545(b)(1)(iii). **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) ("This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.").

For each of the foregoing reasons, we conclude that the PCRA court correctly dismissed Appellant's fifth petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2015