J-S19041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RALPH MITCHELL, | : | |
| | : | |
| Appellant | : | No. 1662 EDA 2015 |

Appeal from the PCRA Order May 14, 2015
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-CR-0003310-2005;
CP-46-CR-0003311-2015; CP-46-CR-0003312-2005;
CP-46-CR-0003313-2005

BEFORE:  BENDER, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2016**

Ralph Mitchell ("Mitchell") appeals, *pro se*, from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. § 9541-9546.  We affirm.

In April 2006, Mitchell was convicted of two counts each of delivery of a controlled substance and possession with intent to deliver cocaine, and one count of resisting arrest.[2]  The trial court sentenced Mitchell to an aggregate

---

[1] Although Mitchell characterizes his Petition as one seeking "State *Habeas Corpus* Relief," the trial court properly construed his filing as a PCRA Petition because the underlying claims are encompassed by the PCRA.  **See** 42 Pa.C.S.A. § 9542 (stating that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* . . . ."); **see also Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2003) (stating that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

[2] 35 P.S. § 780-113(30); 18 Pa.C.S.A. § 5104.

prison term of 10 to 20 years. This Court affirmed Mitchell's judgment of sentence. *See Commonwealth v. Mitchell*, 929 A.2d 243 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 940 A.2d 363 (Pa. 2007).

In 2008, Mitchell, *pro se*, filed his first PCRA Petition. The PCRA court subsequently dismissed Mitchell's Petition. This Court affirmed the dismissal. *See Commonwealth v. Mitchell*, 32 A.3d 839 (Pa. Super. 2011) (unpublished memorandum).

In 2011, Mitchell filed a Motion for Modification of Sentence *nunc pro tunc*, which the PCRA court treated as a second PCRA Petition. The PCRA court dismissed the Petition, and this Court affirmed the dismissal. *See Commonwealth v. Mitchell*, 55 A.3d 133 (Pa. Super. 2012) (unpublished memorandum).

In January 2015, Mitchell, *pro se*, filed the instant Petition. After issuing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition. Mitchell filed a timely Notice of Appeal.

On appeal, Mitchell raises the following questions for review:

I. Whether the [PCRA] court in this matter violated [Mitchell's] procedural and substantive [d]ue [p]rocess [rights] by denying [] his right to [PCRA] [r]eview?

II. Whether under the [PCRA,] [] [Mitchell] has a [c]onstitutional right to litigate claims?

III. Whether there is a violation of [s]ubject [m]atter [j]urisdiction?

- 2 -

IV. Whether [PCRA] counsel was [i]neffective?

Brief for Appellant at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" *See* 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking review. *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Mitchell's judgment of sentence became final in March 2008, when the time for seeking direct review expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. Rule 13. Thus, Mitchell had until March 2009 to file a Petition for relief under the PCRA. Because Mitchell did not file the instant PCRA Petition until January 2015, his Petition is facially untimely.

We may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Here, Mitchell does not discuss the timeliness of his Petition, except to argue that the timeliness requirements do not apply to his claims. *See* Brief for Appellant at 9. However, Mitchell makes no attempt to raise one of the three statutory exceptions. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999) (stating that "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply.") (internal citation omitted).

Because Mitchell's Petition is untimely, and fails to raise any of the timeliness exceptions, we may not address the merits of his claims. *See id*.; *see also Albrecht*, 994 A.2d at 1094. Thus, the PCRA court did not err in dismissing Mitchell's Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016