J-S69042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDEN ZURBURG | : | |
| | : | |
| Appellant | : | No. 440 MDA 2018 |

Appeal from the Order Entered February 5, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001585-2001

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:  **FILED NOVEMBER 02, 2018**

Branden Zurburg (Appellant) appeals *pro se* from the trial court's order denying his "Petition to Vacate Conviction for Lack of Subject Matter Jurisdiction, Denial of Consent, and Rescission of Signatures."  We affirm.

In 2001, Appellant responded to an internet advertisement placed by an agent from the Pennsylvania Attorney General's Child Sexual Exploitation Task Force.  Appellant and the agent exchanged emails, and thereafter Appellant arrived at a Harrisburg area hotel and expressed his intent to engage in sexual activities with three children under the age of 13.  The agent arrested Appellant and he was charged with numerous crimes.  Appellant was tried by a jury in 2004.  The trial court summarized:

> [Appellant] was convicted of multiple sex crimes against a minor in January of 2004 and was sentenced to nine (9) to forty (40) years of imprisonment.  [Appellant] filed a PCRA petition and his direct appeal rights were reinstated in October of 2006. On

December 3, 2007, the Superior Court affirmed [Appellant's] judgment of sentence. On April 8, 2009, [Appellant] filed a PCRA petition and was appointed counsel. This Court dismissed such petition on December 2, 2009. [Appellant] filed a notice of appeal, and on September 22, 2010, the Superior Court quashed the appeal for untimeliness and failure to comply with appellate rule requirements.

Over seven years later, on November 2, 2017, [Appellant] filed a *pro se* "Petition to Vacate Conviction for Lack of Subject Matter Jurisdiction, Denial of Consent, and Rescission of Signatures." This Court denied [Appellant's] petition on February 5, 2018, and this appeal followed. [Appellant's] Statement of Matters Complained of on Appeal includes eight points for review, most of which are conclusory statements asserting a lack of this Court's subject matter jurisdiction.

Trial Court Opinion, 6/11/18, at 1.

Preliminarily, we note that rather than treating Appellant's November 2, 2017 petition as his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, the trial court denied Appellant's petition because "the petition consists of disorganized thoughts and no analysis or discussion regarding the issues he is attempting to raise." Trial Court Opinion, 6/11/18, at 1-2; *see also* 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect . . ."); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). The trial court subsequently noted, however, that had it treated Appellant's petition as a PCRA petition, the

petition would be untimely and the trial court would lack jurisdiction. Trial Court Opinion, 6/11/18, at 2 n.1.

The trial court should have treated Appellant's petition as his second PCRA petition. Nonetheless, we agree with the trial court that under the PCRA, the petition would not merit relief or even jurisdiction because it did not meet the one-year time restriction of the PCRA, having been filed more than seven years after the Superior Court's quashal of Appellant's first PCRA – from which Appellant did not seek allowance of appeal with the Supreme Court. **Commonwealth v. Zurburg**, 153 MDA 2010 (Pa. Super. Sept. 22, 2010) (unpublished).

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States

> or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

We further agree that Appellant has failed to development a meaningful argument. On appeal, he phrases his issues as follows:

1. WHETHER THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO CHARGE, CONVICT AND SENTENCE [APPELLANT]?

2. WHETHER THE COMMONWEALTH'S FAILURE TO RESPOND TO [APPELLANT'S] PETITION TO VACATE CONVICTION FOR LACK OF SUBJECT MATTER JURISDICTION, INDICATES THAT THE FACTS WITHIN [APPELLANT's] PETITION ARE TRUE?

3. WHETHER THE COMMONWEALTH'S FAILURE TO RESPOND TO [APPELLANT'S] PETITION TO VACATE CONVICTION FOR LACK OF SUBJECT MATTER JURISDICTION, STIPULATE THAT THE CONVICTION AND SENTENCE IS VOID AD [*sic*] INITIO?

4. WHETHER CONSENT FROM THE GOVERNED MUST EXIST FOR ANY GOVERNMENTAL AUTHORITY TO BE EXERTED UPON AN INDIVIDUAL?

5. WHETHER [APPELLANT] HAS THE RIGHT TO RESCIND HIS SIGNATURE FROM ALL COURT DOCUMENTS IF [APPELLANT] WAS NOT AFFORDED THE RIGHT TO KNOW THE TRUE NATURE OF THE CHARGES?

6. WHETHER [APPELLANT'S] AFFIDAVIT STIPULATES A PRIMA FACIE CASE?

Appellant's Brief at 4.

Although he presents six issues, Appellant's summary of the argument simply states:

> Appellant avers that the trial court committed fraud upon the court when stating that facts. [*sic*] Appellant also avers that the trial court never informed him of the true nature of the charges which deprived the trial court of its jurisdiction.

Appellant's Brief at 6.

The argument section of Appellant's brief is not "divided into as many parts as there are questions to be argued," in contravention of Pa.R.A.P. 2119(a). Moreover, Appellant's argument is largely nonsensical. His most cogent statements are that he "never committed any sex crime against an actual minor," and he was convicted of a "victimless crime" because the Commonwealth "use[d] fictitious entities (kids) . . . to prosecute Appellant." **See** Appellant's Brief at 7-11. Appellant fails to support his assertions with citations to legal authority and the record. **See** Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority).

In response, the Commonwealth observes that Appellant's claims are "unintelligible," and he "has failed to cite pertinent legal authority or develop

any cognizable argument." Commonwealth Brief at 7. The trial court likewise states that Appellant's "underlying petition provide[d] no legal authority; he [did] not cite to any statutes or case law to support his claims, which are confusing at best." Trial Court Opinion, 6/11/18, at 1. We agree with the Commonwealth and the trial court. Although Appellant is *pro se*, his status does not relieve him of his duty to properly raise and develop an appealable claim. **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996). This is particularly so because this Court quashed Appellant's appeal from the denial of his first PCRA petition on the basis that, *inter alia*, "Appellant has waived all issues on appeal by failing to comply with Pa.R.A.P. 2111, *et seq*, relative to the format and content of his appellate brief." **Commonwealth v. Zurburg**, 153 MDA 2010 at 1 (Pa. Super. Sept. 22, 2010) (unpublished).

For these reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2018

- 6 -