**COMMONWEALTH OF PENNSYLVANIA, Appellee,**

v.

**James H. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 20, 2002.
Filed July 22, 2002.

---

James H. Johnson, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before: McEWEN, P.J.E.; CERCONE, P.J.E.; and OLSZEWSKI, J.

OLSZEWSKI, J.

¶ 1 James Johnson appeals from the lower court's October 24, 2001, order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA" or "Act"), 42 Pa.C.S. § 9541 *et seq.* We affirm.

¶ 2 On May 18, 1993, appellant killed Helen Jackson by stabbing her thirty-three times with a hunting knife and placing her body underneath his porch. He later walked into a police station, confessed to the crime, and told police the location of the body. On April 13, 1994, a jury found him guilty of first-degree murder, possession of an instrument of crime, and abuse of a corpse. When the jury was unable to agree whether or not to impose the death penalty, the judge interceded and sentenced appellant to life imprisonment.

¶ 3 Appellant filed a direct appeal raising numerous allegations of trial court error and prosecutorial misconduct. We affirmed the judgment of sentence, *Commonwealth v. Johnson*, 453 Pa.Super. 682, 683 A.2d 311 (1996), and on December 10, 1996, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

¶ 4 Instead of first pursuing collateral relief in our state court system, appellant unsuccessfully sought such relief in federal court. On February 13, 1998, he filed his first PCRA petition, and the lower court appointed counsel to assist him. After reviewing the record, counsel filed a *Turner/Finley* letter, and the court permitted him to withdraw and dismissed the peti-tion. This Court affirmed the lower court's order on November 9, 2000.

¶ 5 Appellant filed a "Motion To Vacate Sentence And Discharge Petitioner/Defendant" on May 17, 2001. The lower court considered this motion to be appellant's second PCRA petition and dismissed it as untimely filed on October 24, 2001. This appeal followed in which appellant claims that the lower court should have treated the instant petition as an extension of his timely first petition, because counsel did not effectively assist him in preparing the later. *See* Appellant's Brief at 11.

¶ 6 We have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. *Commonwealth v. Hutchins*, 760 A.2d 50, 52 n. 1 (Pa.Super.2000). It is clear, therefore, that appellant's May 17, 2001, motion qualifies as a PCRA petition. We must now determine whether the lower court correctly ruled that it was his second PCRA petition.

¶ 7 In certain limited circumstances, we have held a second PCRA petition to be "merely an extension of Appellant's first PCRA petition" for purposes of calculating timeliness. *Commonwealth v. Leasa*, 759 A.2d 941, 942 (Pa.Super.2000). *See also Commonwealth v. Robinson*, 781 A.2d 152, 158 (Pa.Super.2001); *Commonwealth v. Peterson*, 756 A.2d 687, 689 (Pa.Super.2000). Each of these cases demonstrates that we will only treat a second petition as a continuation of the first petition where counsel's actions "effectively waive[ ]" the petitioner's substantive claims and result in the dismissal of the petition. *Id.* The mere failure to provide effective assistance under Pa.

R.Crim.P. 904(a) will not alone satisfy this limited exception.

¶ 8 Counsel's duty under Rule 904(a) to assist the petitioner on his first PCRA petition does not prevent him from seeking the court's permission to withdraw pursuant to *Turner/Finley* where the issues on appeal lack merit. *Peterson,* 756 A.2d at 689. It is well accepted that a petitioner is not deprived of his right to counsel in situations where the court allows counsel to withdraw in this fashion. *Id.*

¶ 9 In this case, the court-appointed counsel filed a *Turner/Finley* letter seeking permission to withdraw only after thoroughly reviewing the record and concluding that there was no merit to the appeal. The lower court granted counsel's request and dismissed appellant's petition, and a panel of this Court later affirmed that decision. Therefore, in effect, we have already ruled that appellant was not deprived the benefit of a counseled petition. Since appellant is not even able to prove counsel's ineffectiveness during his first petition, he certainly cannot satisfy the more difficult standard set forth by *Leasa* and *Peterson.* As a result, the lower court did not err in treating the instant "Motion" as appellant's second PCRA petition rather than an extension of his first petition.

¶ 10 This Court will only have jurisdiction over an appellant's second PCRA petition when it complies with the Act's filing requirements. Section 9545(b)(1) requires a petitioner to file any petition under the Act within one year of the date the judgment of sentence becomes final, unless one of the exceptions listed in subsection (i-iii) applies. Where the judgment became final prior to the passage of the Act, an otherwise untimely first PCRA petition will qualify as filed "within one year" if the petitioner filed it within one year of the effective date of the Act, or by January 16, 1997. Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1). "These timeliness requirements are mandatory and jurisdictional in nature," and we "may [not] disregard or alter them in order to reach the merits." *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201, 203 (2000).

¶ 11 "For purposes of this [Act], a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Under United States Supreme Court Rule 13, a defendant has ninety days from the denial of his petition for allowance of appeal with the Pennsylvania Supreme Court to file a petition for certiorari with the United States Supreme Court. *Commonwealth v. Priovolos,* 746 A.2d 621, 625 (Pa.Super.2000). Since appellant did not file such a petition, his judgment of sentence became final on March 10, 1997, ninety days after our Supreme Court denied his petition for allowance of appeal. *See id.* He did not file the instant PCRA petition until over four years later on May 17, 2001. Appellant makes no claim that his petition falls within one of the exceptions to the one-year filing requirement. Therefore, it is untimely and we lack jurisdiction to reach the merits.

¶ 12 Order affirmed.

¶ 13 McEWEN, P.J.E., Concurs in the Result.