J-S70041-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL RHODES, JR. | : | |
| | : | |
| Appellant | : | No. 1327 EDA 2014 |

Appeal from the PCRA Order Entered April 11, 2014,
In the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0008491-2003

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:     **FILED NOVEMBER 25, 2014**

Nathaniel Rhodes, Jr. (Appellant) appeals *pro se* from the order entered April 11, 2014, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citations and quotation marks omitted).

---

[1] 42 Pa.C.S. §§ 9541-9546.

[*] Retired Senior Judge assigned to the Superior Court.

Instantly, Appellant's judgment of sentence became final on January 23, 2006, 90 days after the expiration of the time for seeking discretionary review with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. The instant petition, filed on March 25, 2014, is patently untimely.[2] The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. **See** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so.[3] Accordingly, the PCRA court properly dismissed his petition.

Order affirmed.

---

[2] The PCRA court determined that the instant petition, entitled "Motion/Petition for Modification of Sentence *Nunc Pro Tunc*", was a PCRA petition. We find no error in this determination. It is well-settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) (citation omitted). **See also Commonwealth v. Evans**, 866 A.2d 442 (Pa. Super. 2005) (concluding motion for reconsideration or modification of sentence required treatment under the PCRA).

[3] To the extent that Appellant purports to challenge the legality of his sentence, we note that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/25/2014</u>