J-S25006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LADAWN BURT, | |
| Appellant | No. 664 WDA 2014 |

Appeal from the PCRA Order March 28, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014603-2005

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 02, 2015**

Appellant, Ladawn Burt, appeals *pro se* from the March 28, 2014 order denying, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We need not reproduce a detailed factual or procedural history of Appellant's case for purposes of this appeal.  Instead, we only note that he was convicted in 2010 of two counts of receiving stolen property, two counts of possession with intent to deliver a controlled substance, two counts of possession of a controlled substance, and one count of persons not to possess a firearm.  Appellant was ultimately sentenced to an aggregate term of 17 to 34 years' incarceration for these offenses.  He filed a timely direct

_____

[*] Retired Senior Judge assigned to the Superior Court.

appeal, and after this Court affirmed his judgment of sentence on September 30, 2011, our Supreme Court denied his subsequent petition for allowance of appeal on February 8, 2012. *Commonwealth v. Burt*, 34 A.3d 215 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 37 A.2d 1193 (Pa. 2012). Therefore, Appellant's judgment of sentence became final on May 8, 2012, when the ninety-day period for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

Thereafter, Appellant filed a *pro se* PCRA petition and counsel was appointed. Counsel filed an amended petition on Appellant's behalf, but on September 10, 2012, the court issued an order dismissing Appellant's petition. Appellant filed a timely notice of appeal with this Court. After we affirmed the order denying his PCRA petition, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Burt*, 82 A.3d 466 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 79 A.3d 1096 (Pa. 2013).

On February 24, 2014, Appellant filed a second *pro se* PCRA petition, which underlies the instant appeal. On February 28, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss that petition.

Appellant did not file a response, and on March 26, 2014, the court issued an order dismissing his petition as untimely. Appellant filed a timely *pro se* notice of appeal, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 27, 2014, the PCRA court issued a Rule 1925(a) opinion, explaining that Appellant's petition was untimely and that none of the issues he raised satisfied an exception to the PCRA's one-year time-bar.

Now, on appeal, we initially note that Appellant's *pro se* brief is extremely confusing, as he intermingles arguments on various issues, and goes back and forth between claims with no separation. However, from what we can ascertain, he is raising eight general assertions, which we summarize as follows:

(1)  Appellant's counsel in the disposition of his first PCRA petition was ineffective for not presenting issues that Appellant sought to raise;

(2)  Trial counsel was ineffective for failing to file a motion to compel the disclosure of the confidential informant's identity and for not seeking to suppress Appellant's confession;

(3)  The trial court abused its discretion in sentencing Appellant;

(4)  Appellant's confession was improperly admitted at trial;

(5)  The trial court improperly instructed the jury;

(6)  The prosecutor committed misconduct during closing arguments;

(7)  A search warrant issued for a home in which Appellant was a guest was not supported by probable cause;

(8)  Appellant's mandatory minimum sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).

- 3 -

Because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1267 (2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach the merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, because Appellant's judgment of sentence became final on May 8, 2012, he had until May 8, 2013, to file a timely PCRA petition. Therefore, Appellant's February 24, 2014 petition is patently untimely, and he must plead and prove the applicability of one of the above-stated exceptions for this Court to have jurisdiction over his appeal. For the following reasons, he has failed to do so.

First, Appellant's ineffective assistance of counsel claims, numbered (1) and (2) above, do not satisfy any of the exceptions set forth in section 9545(b)(1)(i)-(iii). *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (reiterating "that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits"). Additionally, Appellant's claims numbered (3) through (7) involve assertions of trial error that not only fail to meet any exception set forth in section 9545(b), but are also waived, as they could have been raised on direct appeal. *See* 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, the petitioner must prove that the claim "has not been previously litigated or

waived"); 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding.").

In regard to Appellant's eighth claim that his sentence is illegal under *Alleyne*, this Court has recently held that reliance on *Alleyne* cannot satisfy the new constitutional right exception of section 9545(b)(1)(iii), as "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence [has] become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Accordingly, Appellant's sentencing challenge under *Alleyne* also does not meet a timeliness exception.

In sum, none of the claims set forth by Appellant satisfy an exception to the PCRA's one-year time-bar. Accordingly, the PCRA court did not err in dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2015

- 6 -