J-S69045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY JOHN VENERI, | |
| Appellant | No. 942 EDA 2015 |

Appeal from the Order of March 6, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003526-1978
CP-23-CR-0003713-1978

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 29, 2015**

Appellant, Anthony John Veneri, appeals *pro se* from the order entered March 6, 2015, dismissing his petition for writ of *mandamus* for lack of jurisdiction. We affirm.

We briefly summarize the facts and procedural history of this case as follows. A jury found Appellant guilty of two separate robberies and related offenses in 1979. Since then, Appellant filed 13 petitions for collateral relief, including several petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court denied relief on Appellant's twelfth PCRA petition on June 11, 2014. Appellant appealed that decision to this Court. While that appeal was pending, on January 21, 2015, Appellant filed a *pro se* "petition for writ of *mandamus*, *nunc pro tunc*, demanding release from illegal prosecution." On March 6, 2015, the PCRA court treated the

*mandamus* petition as a PCRA petition and dismissed it, citing a lack of jurisdiction because Appellant's twelfth PCRA petition was still pending on appeal. This timely appeal followed.[1]

On appeal, Appellant presents the following issues, *pro se*, for our review:

1. Whether [Appellant] was prosecuted illegally on 1-31-79 because the bills of information[] were not sign[ed] by the District Attorney?

2. Whether [Appellant] was denied effective assistance of trial counsel?

3. Whether [Appellant] is entitled to the equal protection of the laws, guaranteed by the 6th, 8th and 14th Amendments to the U.S. Constitution?

Appellant's Brief at 2.

Initially, we note that while Appellant stylizes his petition as one sounding in *mandamus*, his individual claims all fall within the parameters of the PCRA. "We have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002). Hence, the PCRA court properly treated Appellant's *mandamus* petition under the PCRA.

_____

[1] Appellant filed two notices of appeal. We accepted the first one filed on March 24, 2015 and dismissed the second as duplicative. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on July 16, 2015.

"Our standard of review in an appeal from the grant or denial of PCRA relief requires us to determine whether the ruling of the PCRA court is supported by the record and is free from legal error." **Commonwealth v. Lesko**, 15 A.3d 345, 358 (Pa. 2011). "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Breakiron**, 781 A.2d 94, 99 (Pa. Super. 2001). When a PCRA petition is appealed, the PCRA court is divested of jurisdiction. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000).

Here, Appellant appealed the June 11, 2014 denial of relief on his prior PCRA petition.[2] While that appeal was pending before this Court, he filed the current *mandamus* petition on January 21, 2015. The PCRA court properly treated the *mandamus* petition as a subsequent PCRA petition. Because there was another PCRA appeal pending, the PCRA court was divested of jurisdiction to entertain Appellant's current claims. Thus, dismissal was proper.

Order affirmed.

_____

[2] We affirmed the denial of relief on Appellant's prior PCRA petition in an unpublished memorandum on April 21, 2015. **See Commonwealth v. Veneri**, 121 A.3d 1136 (Pa. Super. 2015).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/2015</u>