J-S13002-15

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JEFFREY CRISTINA, | |
| Appellee | No. 601 WDA 2013 |

Appeal from the PCRA Order Entered March 20, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0001478-1976
CP-02-CR-0002462-1976
CP-02-CR-0002464-1976

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 03, 2016**

This case is before us on remand from our Supreme Court.  After careful review, we affirm the PCRA Court's order granting relief and remand for resentencing.

We previously summarized the relevant factual and procedural history of this case as follows:

> In 1976, Cristina was convicted by a jury of second degree murder for the killing of Frank Slazinski during a home invasion. Cristina, a juvenile when the homicide occurred, was sentenced to life in prison without the possibility of parole (LWOP) on March 29, 1977.  On October 5, 1978, our Supreme Court affirmed his judgment of sentence.  **Commonwealth v. Cristina**, 391 A.2d 1307 (Pa. 1978).  The Supreme Court of the United States subsequently denied his Petition for Writ of Certiorari on February 21, 1979.  **Cristina v. Pennsylvania**, 440 U.S. 925 (1979) (table).

On March 15, 1984, Cristina filed a counseled petition under the Post Conviction Hearing Act (PCHA), the statutory predecessor of the PCRA. Cristina's PCHA petition was denied by order of the PCHA court on April 3, 1985. This Court affirmed that order on May 12, 1986, and our Supreme Court denied Cristina's subsequent petition for allowance of appeal on January 7, 1987. *Commonwealth v. Cristina*, 512 A.2d 1288 (Pa. Super. 1986) (unpublished memorandum), *appeal denied*, 521 A.2d 931 (Pa. 1987) (table).

Cristina filed his second post-conviction petition for collateral relief on June 16, 2010. Counsel was appointed and filed an amended PCRA petition on September 14, 2011. Following a hearing, Cristina's amended petition was denied by order of the PCRA court dated October 28, 2011. Cristina did not appeal from that order.

Cristina filed his third post-conviction petition for collateral relief, the subject of the instant appeal, on July 27, 2012, 32 days after the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455, 2469 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). On August 14, 2012, current PCRA counsel was appointed. He filed an amended PCRA petition (hereinafter "the Petition") on Cristina's behalf on December 3, 2012, alleging that, under the rubric of *Miller*, Cristina's LWOP sentence constituted cruel and unusual punishment under the 8th Amendment. By order dated March 20, 2013, the PCRA court granted the Petition and set a date for resentencing Cristina. The Commonwealth then timely filed the instant appeal, as well as a timely Pa.R.A.P. 1925(b) statement. Subsequently, the PCRA court issued its Rule 1925(a) opinion on September 9, 2014. Therein, the PCRA court changed course, recommending that this Court reverse its March 20, 2013 order. PCRA Court Opinion (PCO), 9/9/14, at 2.

*Commonwealth v. Cristina*, 114 A.3d 419, 420 (Pa. Super. 2015), *appeal granted*, *order vacated*, No. 183 WAL 2015, 2016 WL 593950 (Pa. filed Feb. 11, 2016) (footnote omitted) (hereinafter, "*Cristina*").

In ***Cristina***, we reversed the PCRA's court's order in light of ***Commonwealth v. Cunningham***, 622 Pa. 543, 81 A.3d 1 (2013), holding that:

> [I]n the wake of ***Cunningham***, it is clear that neither the United States Supreme Court, nor the Pennsylvania Supreme Court, has held that the rule in ***Miller*** applies retroactively. Accordingly, we are constrained to agree with the Commonwealth that Cristina cannot rely on ***Miller*** to establish the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii). As such, the PCRA court lacked jurisdiction to entertain the Petition, and Cristina's LWOP sentence must remain in effect.

***Cristina***, 114 A.3d at 423.

As we noted in ***Cristina***,

> the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1267 (2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:
>
> > **(b) Time for filing petition.—**
> >
> > > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> > >
> > > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Cristina*, 114 A.3d at 421.

Following our ruling, Cristina petitioned our Supreme Court for allowance of appeal. On August 17, 2015, our Supreme Court held Cristina's petition pending the outcome of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). *Montgomery* was decided on January 25, 2016. In *Montgomery*, the Supreme Court of the United States held that *Miller* announced a new substantive constitutional rule that must be applied retroactively on state collateral review. *Montgomery*, 136 S. Ct. at 736.

Consequently, by order dated February 11, 2016, our Supreme Court simultaneously granted Cristina's petition for allowance of appeal and reversed *Cristina*. That order stated, in pertinent part:

> AND NOW, this 11th day of February, 2016, The Petition for Allowance of Appeal is GRANTED on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). As a result of the recent holding by that Court that *Miller* must be applied retroactively by the States,

> *see Montgomery v. Louisiana*, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior Court's order is VACATED, and the case is REMANDED for further proceedings consistent with *Montgomery*.
>
> To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Order, 2/11/16, at 1 (single page).

Thus, we have been directed by our Supreme Court to reconsider our decision in *Cristina* in light of *Montgomery*. In that regard, we are guided by this Court's recent decision in *Commonwealth v. Secreti*, --- A.3d ---, 2016 PA Super 28, 2016 WL 513341 (Pa. Super. filed February 9, 2016). *Secreti* dealt with an identically situated PCRA petitioner in the sense that he had filed an untimely PCRA petition seeking to invoke *Miller* to satisfy the PCRA's timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii), but had filed his petition before the *Montgomery* ruling. However, unlike our decision in *Cristina*, *Montgomery* was decided while the decision in *Secreti* was still pending. In *Secreti*, this Court held that "the *Miller* rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the *Miller* decision on June 25, 2012. The date of the *Montgomery* decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in Section 9545(b)(2)." *Secreti*, 2016 WL 513341 at *6. Accordingly, the *Secreti* Court reversed the PCRA

court order denying relief, vacated Secreti's sentence, and remanded for resentencing. *Id.*

Instantly, Cristina is clearly entitled to the retroactive application of *Miller*, as was afforded in *Secreti* and required under *Montgomery*. However, unlike what occurred in *Secreti*, Cristina was in fact granted such relief in the PCRA court, as his PCRA petition seeking resentencing under *Miller* was granted. Accordingly, we affirm the PCRA court's order granting relief under *Miller*, and remand for resentencing.

Order *affirmed*. *Remanded* for resentencing. Jurisdiction *relinquished*.

Judge Mundy joins this memorandum.

Judge Stabile concurs in the result of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016