J-S69038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC CARLO MARTORELL | : | |
| | : | |
| Appellant | : | No. 525 MDA 2018 |

Appeal from the Order Entered February 28, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000835-2009

BEFORE:    BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED: NOVEMBER 9, 2018**

Eric Carlo Martorell (Appellant), acting *pro se*, purports to appeal from the order denying his Motion Asking to Correct and Apply RRRI Sentence. Upon review, we have determined that Appellant has not appealed from the denial of his Motion Asking to Correct and Apply RRRI Sentence, but rather from the order denying his Motion for Time Credit.  Moreover, the trial court never ruled on Appellant's Motion Asking to Correct and Apply RRRI Sentence, such that there is no order to appeal with respect to that request.  Accordingly, we dismiss the appeal.

The trial court summarized the background of this case as follows:

[Appellant] was charged and sentenced on nine (9) separate counts for offenses under the Controlled Substance, Drug, Device and Cosmetic Act.  [Appellant] received a sentence of 10-20 years for the crimes committed.  The sentence was imposed on September 30, 2009.  During sentencing, the court determined that [Appellant] was not eligible for the Recidivism Risk Reduction Incentive ("RRRI") due to his past record, which included a guilty

plea of Recklessly Endangering Another Person ("REAP") pursuant to 18 Pa.C.S.A. § 2705 and Former Convict Not to Own Firearm pursuant to 18 Pa.C.S.A. § 6105.

\* \* \*

[On January 21, 2016, Appellant] filed a PCRA [petition], which we denied [on August 24, 2016] as untimely following a hearing. [Appellant] appealed our denial. The Superior Court affirmed our decision and the Supreme Court denied the petition for allowance of appeal. [**Commonwealth v. Martorell**, 1453 MDA 2016 (Pa. Super. Mar. 1, 2017) (unpublished memorandum).]

[Appellant] filed his next *pro se* motion, titled as a Motion Asking to Correct and Apply RRRI Sentence on November 15, 2017. **For reasons unknown to this court, we did not address [Appellant's] Motion**. [Appellant] then filed a Notice of Appeal on March 21, 2018 contending that his Motion was denied by operation of law. We issued an Order pursuant to Pa.R.A.P. 1925(b) and [Appellant] filed his Concise Statement on April 18, 2018. [Appellant's] Concise Statement presents only the question of whether the Court should have addressed his Motion in light of the **Cullen-Doyle** decision and alleged that any ambiguity around the meaning of the word "history" must be resolved in favor of those asking to be RRRI eligible.

Trial Court Opinion, 6/1/18, at 2, 4 (emphasis added).

Our review confirms that on November 15, 2017, Appellant filed a Motion Asking to Correct and Apply RRRI Sentence. The trial court did not respond. Approximately three months later, on February 14, 2018, Appellant filed a Motion for Time Credit. On February 28, 2018, the trial court entered an order denying Appellant's Motion for Time Credit. As noted by the trial court, "For reasons unknown to this court, we did not address [Appellant's] Motion [Asking to Correct and Apply RRRI Sentence]." Trial Court Opinion, 6/1/18, at 4. On March 21, 2018, Appellant filed a notice appeal specifically stating that he was appealing from the order denying his "Motion Asking To

Correct and Apply RRRI Sentence docketed November 15, 2017 denied by operation of law." However, this is a misstatement because there is no order on the trial court docket indicating that the November 15, 2017 motion was denied by operation of law – or otherwise addressed or disposed of by the trial court. A review of our Superior Court docket indicates that the "order appealed from" is dated February 28, 2018, *i.e.*, the trial court order denying Appellant's February 14, 2018 motion for time credit.

Given the procedural missteps in this case, we dismiss the appeal. In so doing, we direct Appellant and the trial court to the language of the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9542, which provides that the PCRA shall be "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies. . ."; *see also Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

Appeal dismissed.

Judge Lazarus joins the memorandum.

P.J.E. Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018

- 3 -