J-S11036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM HAWK WATSON, | : | |
| | : | |
| Appellant | : | No. 1303 WDA 2019 |

Appeal from the Order Entered July 22, 2019
in the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000168-2013,
CP-20-CR-0000240-2013

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED APRIL 17, 2020**

Adam Hawk Watson ("Watson") appeals, *pro se*, from the Order denying his Motion for Notes of Testimony.[1]  We quash the appeal.

Watson was charged at CP-20-CR-0000168-2013 ("No. 168-2013") and CP-20-CR-0000240-2013 ("No. 240-2013").   The cases were ultimately joined, and Watson pled guilty to indecent assault at No. 168-2013, and to rape and indecent assault at No. 240-2013.[2]  The trial court sentenced Watson

---

[1] We note that after a sentence becomes final, the Post Conviction Relief Act ("PCRA") becomes "the sole means for obtaining collateral review, and any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."  **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002); **see also** 42 Pa.C.S.A. § 9542.  Thus, Watson's Motion for Notes of Testimony is properly considered a PCRA Petition.

[2] **See** 18 Pa.C.S.A. §§ 3126(a)(2), 3121(a)(1), 3126(a)(4)

to an aggregate term of 84 to 300 months in prison, and granted 272 days of credit for time served. Watson did not file a post-sentence motion or direct appeal.

After additional procedural history not relevant to the instant appeal, Watson filed a *pro se* Motion for Notes of Testimony, which contained both docket numbers, on July 19, 2019. The trial court denied Watson's Motion on July 22, 2019, and Watson, *pro se*, filed the instant timely appeal.[3] The single Notice of Appeal listed both docket Nos. 168-2013 and 240-2013. Nevertheless, the trial court filed a 1925(a) Opinion explaining the basis for denying Watson's Motion for Notes of Testimony.

This Court issued a Rule to Show Cause on September 11, 2019, directing Watson to explain why we should not quash the appeal based on our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."). **See** Order, filed 9/11/19. Watson did not file a response.

Before addressing Watson's substantive claims, we first must determine whether Watson's Notice of Appeal complies with Pa.R.A.P. 341 and our

---

[3] The trial court did not order Watson to file a 1925(b) concise statement, and Watson did not file a 1925(b) concise statement. **See Commonwealth v. Antidormi**, 84 A.3d 736, 745 n.7 (Pa. Super. 2014) (stating that a defendant does not waive issues for failure to file concise statement when the trial court did not order him to do so).

Supreme Court's decision in **Walker**. The Official Note to Pa.R.A.P. 341(a) provides, in relevant part, as follows:

> Where…one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In **Walker**, our Supreme Court held that pursuant to Rule 341, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. Our Supreme Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal…. The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. Our Supreme Court applied its holding prospectively to appeals filed after June 1, 2018. Thus, where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, **separate notices of appeals must be filed**. **Commonwealth v. C.M.K., supra**.

Our review discloses that Watson filed one Notice of Appeal that listed **both trial court docket numbers**. Consistent with foregoing precedent, Watson has failed to comply with Pa.R.A.P. 341(a) and our Supreme Court's decision in **Walker**. Consequently, we are constrained to quash the instant appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2020