J-S43034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :              PENNSYLVANIA
                               :
              v.               :
                               :
                               :
TERRANCE LEE FORDHAM           :
                               :
          Appellant            :   No. 1544 EDA 2025

Appeal from the Order Entered April 24, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002833-2020

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 15, 2026**

Appellant, Terrance Lee Fordham, appeals *pro se* from the trial court's order denying his motion to file a *nunc pro tunc* appeal.  After careful review, we vacate the court's order and remand for further proceedings consistent with this memorandum.

The facts of Appellant's case are not relevant to our disposition of his instant appeal.  Procedurally, in May of 2022, Appellant was convicted by a jury of unlawful contact with a minor, endangering the welfare of a minor, indecent assault of a child, and corruption of a minor.  Because Appellant had prior convictions for sexual offenses in 1978 and 1996, he was subject to a mandatory sentence of life imprisonment pursuant to 42 Pa.C.S. § 9718.2.  The court imposed that sentence on January 3, 2023.  On June 20, 2024, this Court affirmed his judgment of sentence.  ***See Commonwealth v. Fordham***,

323 A.3d 220 (Pa. Super. 2024) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Instead, on March 15, 2025, Appellant filed a *pro se* motion with the trial court. Therein, Appellant stated the charges for which he had been convicted, and the sentence he had received. Motion, 3/15/25, at 1 (single page). He then set forth the names of the attorneys that had represented him throughout the stages of his case, and claimed that his appellate counsel, Eric Winter, Esq., had "abandoned [him]." *Id.* Appellant stated that Attorney Winter had "told [Appellant] that he was going to send … in a [Post Conviction Relief Act (PCRA)[1] petition,]" but that Appellant had not "heard from counsel…[.]" *Id.* Appellant concluded by asking that the court "grant [him] the right to appeal *nunc pro tunc*[.]" *Id.*

On April 24, 2025, the trial court issued an order denying Appellant's motion. The court stated that Appellant's "case [had been] appeal[ed,] and the Pennsylvania Superior Court affirmed the judgment of sentence on June 20, 2024." Order, 4/24/25, at 1 (single page).

On June 16, 2025, Appellant filed a *pro se* notice of appeal from the court's April 24, 2025 order. He attached to the notice a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On July 15, 2025, the trial court filed a Rule 1925(a) opinion. Herein, Appellant states three issues for our review:

_____

[1] 42 Pa.C.S. §§ 9541-9546.

I. Whether or not Appellants counsel failed to send notice, or motion to courts or defendant that he was no longer representing defendant thereby abandoning him?

II. Whether or not Appellants counsel abandoned Defendant by not filing PCRA after denial of appeal in Superior Court, as he said he would?

III. Whether or not Appellant's counsel's abandonment cost Defendant to be to be in danger of losing all appellate rights entitled to Defendant under due process of law rights?

Appellant's Brief at 3 (verbatim; unnecessary capitalization omitted).

Initially, we must address the timeliness of Appellant's appeal, as "[t]he timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Here, the court's order was entered on April 24, 2025, and Appellant did not file his *pro se* notice of appeal until 53 days later, on June 16, 2025, thereby failing to meet the 30-day deadline set forth in Pa.R.A.P. 903(a). However, there is no indication on the trial court docket that *pro se* Appellant was served a copy of the April 24, 2025 trial court order. In *Commonwealth v. Midgley*, 289 A.3d 1111 (Pa. Super. 2023), we held that "[w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." *Id.* at 1117. Accordingly, we will consider Appellant's *pro se* notice of appeal as having been timely filed.

In Appellant's three issues, he essentially argues that Attorney Winter abandoned him. Specifically, he contends that Attorney Winter promised him that counsel would file a PCRA petition on Appellant's behalf, yet counsel failed to do so and has not contacted Appellant since. *See* Appellant's Brief at 6-7.

In the trial court's opinion, it concluded that we should affirm its order denying Appellant's motion to reinstate his appeal rights *nunc pro tunc* because Appellant has already appealed from his judgment of sentence, and he "is not entitled to a second direct appeal." Trial Court Opinion, 7/15/25, at 2. The court also stated that

> [t]here is no evidence … regarding [Appellant's] claim that he requested [Attorney Winter] to file a PCRA [petition]. Perhaps the retainer agreement was just for the direct appeal, on which Attorney Winter represented [Appellant]. Even if the attorney did not comply with [Appellant's] request, [Appellant] could have retained a different lawyer, or could have filed a PCRA [petition] *pro se*. This would not be a basis to grant [Appellant's] request for a second direct appeal *nunc pro tunc*. Therefore, [Appellant's] claims are wholly without merit and the appeal should be dismissed.

*Id.* at 2-3.

Notably, the Commonwealth concludes that we should vacate the trial court's order denying Appellant's motion because the court should have treated Appellant's motion as a PCRA petition and appointed him counsel. *See* Commonwealth's Brief at 7. The Commonwealth stresses that "Pennsylvania courts have repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition[,]" as long as it "requests relief contemplated by the PCRA." *Id.* at 8 (citing, *inter alia*,

*Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.")); *id.* at 9 (citing, *inter alia*, *Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating that, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition")). The Commonwealth then states that, "the only way [Appellant] could get the relief he sought — to file an appeal *nunc pro tunc* — was through a PCRA petition." *Id.* at 11. Thus, the Commonwealth concludes that the court should have treated Appellant's *pro se* motion as a PCRA petition and, because Appellant "is indigent, he was entitled to the appointment of counsel." *Id.* at 11, 12 (relying on Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.")).

We agree with the Commonwealth. Appellant's *pro se* motion alleged that his attorney abandoned him, which is essentially a claim of ineffective assistance of counsel that is clearly cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(ii). Additionally, the relief Appellant sought, *i.e.*, the reinstatement of his appeal rights *nunc pro tunc*, is afforded under the PCRA. *See Commonwealth v. Taylor*, 283 A.3d 178, 182 (Pa. 2022) (stating "the

PCRA court has the authority to grant relief in the form of reinstatement of a PCRA petitioner's right to appeal anew to the appellate tribunal *nunc pro tunc*"). Therefore, it was erroneous for the trial court to assess the merits of Appellant's *pro se* motion, without first treating it as a PCRA petition and appointing him counsel, if he is so entitled. ***See, e.g.***, ***Commonwealth v. Evans***, 866 A.2d 442, 445 (Pa. Super. 2005) ("The PCRA court may not first evaluate the merits of the petition, … and then deny the appointment of counsel because the petition lacks merit. … The issue of whether the petitioner is entitled to relief is another matter entirely, which is to be determined after the appointment of counsel and the opportunity to file an amended petition.").

Accordingly, we vacate the trial court's order denying Appellant's *pro se* motion and remand for the court to treat the motion as a PCRA petition and appoint Appellant counsel, if he is so entitled under Rule 904(C).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026

- 6 -