J-S76039-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD DUANE JONES | : | |
| | : | |
| Appellant | : | No. 926 WDA 2018 |

Appeal from the PCRA Order Entered May 30, 2018
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000519-2011

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED DECEMBER 14, 2018

Clifford Duane Jones (Appellant) appeals pro se from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On June 7, 2012, Appellant pled guilty to driving under the influence of alcohol (DUI), 75 Pa.C.S.A. § 3802(c).  On August 21, 2012, the trial court sentenced him to serve one to five years of incarceration.  The trial court also sentenced Appellant to a consecutive 90 days of incarceration for driving while his license was suspended, 75 Pa.C.S.A. § 1543(b).  Appellant was paroled on or about May 7, 2013.  However, his parole was revoked on several occasions.  Most recently, on February 23, 2016, the trial court revoked Appellant's parole and ordered him "to serve the balance of his sentence without receiving credit for street time."  As a result, at this writing, Appellant remains incarcerated at SCI Mercer.

Appellant filed his first PCRA petition on August 5, 2016. The PCRA court appointed counsel and conducted a hearing. On October 21, 2016, the PCRA court dismissed Appellant's first PCRA petition. Appellant did not file a direct appeal.

On May 8, 2017, Appellant filed a second PCRA petition pro se; on September 12, 2017, counsel for Appellant filed an amended PCRA petition. The PCRA court held a hearing on December 1, 2017. By order dated January 3, 2018 and docketed January 5, 2018, the PCRA court dismissed Appellant's second PCRA petition. Again, Appellant did not file a direct appeal.

On April 27, 2018, Appellant filed the underlying pro se "Motion for Modification of Sentence (Nunc Pro Tunc)" which the trial court properly treated as Appellant's third petition under the PCRA. See 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect . . ."); see also Commonwealth v. Johnson, 803 A.2d 1291, 1293 (Pa. Super. 2002) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). On May 7, 2018, the PCRA court issued a memorandum and notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA

court entered an order dismissing the petition as untimely on May 30, 2018.

Appellant filed this timely appeal.[1]

On appeal, Appellant presents four issues:

[1.] IS [APPELLANT'S] ORIGINAL SENTENCE FOR DRIVING UNDER THE INFLUENCE AN ILLEGAL SENTENCE BECAUSE IT WAS IMPOSED WITHOUT [APPELLANT] FIRST UNDERGOING THE MANDATORY DRUG AND ALCOHOL ASSESSMENT?

[2.] CAN THE VIOLATION OF THE TERMS OF AN ILLEGAL SENTENCE PROPERLY FORM THE BASIS OF THE REVOCATION OF PAROLE?

[3.] DID [APPELLANT'S] REVOCATION COUNSEL RENDER INEFFECTIVE ASSISTANCE BY FAILING TO RAISE THE ILLEGALITY OF THE AUGUST 21, 2012 SENTENCE AS A DEFENSE TO [APPELLANT'S] FEBRUARY 23, 2016 PAROLE REVOCATION?

[4.] DID THE PCRA COURT ERR AS A MATTER OF LAW BY FINDING THAT [APPELLANT'S] AUGUST 4, 2016 PCRA PETITION CHALLENGING HIS FEBRUARY 23, 2016 REVOCATION COUNSEL'S INEFFECTIVENESS WAS UNTIMELY?

Appellant's Brief at 6.

As noted, the PCRA court denied relief on the basis that the underlying PCRA petition was untimely. Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." Commonwealth v. Holt, 175 A.3d 1014, 1017 (Pa.

_____

[1] The PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." Commonwealth v. McKeever, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." Id. at 785. Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court
> to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

In the summary of his argument, Appellant asserts:

> Revocation counsel . . . rendered ineffective assistance by failing to raise the illegality of [Appellant's] original sentence as a defense to the revocation of [Appellant's] parole on February 23, 2016.
>
> The PCRA court erred as a matter of law when it found that [Appellant's] PCRA petition filed on August 4, 2016 challenging his February 23, 2016 revocation counsel's ineffective assistance was untimely.

Appellant's Brief at 8-9.[2]

As set forth above, Appellant was sentenced on August 21, 2012, and the underlying PCRA petition – Appellant's third – was filed on April 27, 2018. The PCRA court explained:

> [Appellant] raises the same substantive issues, namely, that because a drug and alcohol assessment was not originally ordered prior to his sentencing hearing on August 21, 2012, his sentence is illegal and must be vacated.  The [c]ourt already has concluded that this claim must have been raised in either a timely post-sentence motion, on direct appeal, or in a timely PCRA petition. It was not.
>
> When the [c]ourt resentenced [Appellant] . . . on February 23, 2016, after serial parole violations, the issue was not raised by his counsel.  [Appellant] argued in his first two counseled PCRA petitions that his revocation counsel should have raised it at the revocation hearing, and the failure to do so constituted ineffective

_____

[2] The Commonwealth has not filed a brief.

assistance of counsel. . . . The purpose of a revocation hearing is for the [c]ourt to determine whether the alleged violations have been proven and, further, whether under all the circumstances revocation is appropriate. It is not the proper forum for challenging the legality of a sentence imposed years prior. Moreover, as previously noted by the [PCRA c]ourt, even assuming revocation counsel could be ineffective for failing to raise a legality issue at the revocation hearing, any PCRA petition alleging ineffective assistance on that basis would have to have been [filed] on or before March 24, 2017.

PCRA Court Memorandum, 5/7/18, at 1-2.

Our review confirms that Appellant is not entitled to relief. Appellant's brief is devoid of any meaningful or coherent argument as to why the underlying petition should qualify for an exception to the PCRA's time bar. Appellant does not mention the PCRA's time bar until the next to last page of his argument. See Appellant's Brief at 18. Appellant states that he "does not seek correction of the August 21, 2012 sentence." Id. Rather, he asserts "that his claim that his February 23, 2016 revocation counsel was ineffective for failing to raise a defense has been timely raised" and his "PCRA petition was filed within one-year of his parole revocation hearing date." Id. at 18-19. The record does not support this assertion. Appellant's revocation of parole hearing occurred on February 23, 2016, and the trial court entered the order directing Appellant to serve the remainder of his sentence that day. Appellant did not appeal the February 23, 2016 order. Appellant did not file the underlying petition until April 27, 2018 – more than two years after the order. In sum, Appellant has not presented any argument to persuade us that he qualifies for an exception to the PCRA's time bar. See Commonwealth

v. Gibbs, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.).

Accordingly, we agree with the PCRA court that Appellant is not entitled to relief because his petition is untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2018