J-S76032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOVELL A. DAVIS, III | : | |
| | : | |
| Appellant | : | No. 687 WDA 2018 |

Appeal from the Judgment of Sentence June 6, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000792-2015

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED DECEMBER 24, 2018**

Lovell A. Davis, III (Appellant) appeals from the judgment of sentence imposed after he pled guilty to numerous charges of access device fraud, criminal use of a communication facility, criminal conspiracy to commit access device fraud, corrupt organizations, possession of unlawful device making equipment, possessing instruments of crime, and dealing in proceeds of unlawful activities.[1]  After careful review, we affirm.

The charges in this case arise from Appellant's supervisory role in a criminal enterprise designed to defraud financial institutions throughout Pennsylvania.  Appellant was arrested on October 22, 2014.  On June 6, 2016, Appellant appeared before the trial court and pled guilty to the above crimes.

_____

[1]  18 Pa.C.S.A. §§ 4106(a); § 7512(a); §§ 903, 4106(a); § 911(b)(1); § 4106.1(a)(2); § 907(a); and § 5111.

That same day, the trial court sentenced Appellant to 3 to 6 years of incarceration. Appellant did not file a post-sentence motion or direct appeal.

On October 26, 2016, Appellant submitted a *pro se* filing which the trial court construed as a petition for post-conviction relief. **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect . . ."); **see also Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). The court appointed counsel, and Appellant subsequently filed an amended petition for post-conviction relief on July 10, 2017. As a result, the court reinstated Appellant's post-sentence and direct appeal rights.

Appellant filed a post-sentence motion *nunc pro tunc* on September 25, 2017. On April 12, 2018, the trial court granted Appellant additional credit for time served prior to trial, but denied his claim regarding the discretionary aspects of his sentence. Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for our review:

> I. When the sentencing court failed to articulate its reasons for why the sentence it fashioned fell into the aggravated range of the sentencing guidelines, did it violate an important sentencing norm and abuse its discretion by imposing the sentence it did?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013).

Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction by raising his issue in a timely post-sentence motion, filing a timely notice of appeal, and including in his appellate brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 22-24. Additionally, by asserting that the trial court erred in failing to provide adequate reasons on the record for imposing an aggravated-range sentence,

Appellant has raised a substantial question. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) ("[A]n allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review.") (citations omitted). We thus review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The Pennsylvania Sentencing Code directs that when a trial court imposes an aggravated range sentence, "it shall state the reasons on the record." 204 Pa. Code § 303.13. Section 9721 also provides: "[I]n every case the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721. We have explained:

> The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

*Commonwealth v. Coulverson*, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted). Further, "[w]hen a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Baker*, 72 A.3d at 663, (*citing Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006)). We stated:

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). **The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report**; thus properly considering and weighing all relevant factors.

*Fowler*, 893 A.2d at 767-68, (*citing Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted) (emphasis added).

At the sentencing hearing in this case, the trial court stated that it had read Appellant's pre-sentence investigation report. N.T., 6/6/16, at 20. The trial court also commented at length:

- 5 -

What do you think these people's lives have been that you've stolen their identities and caused them consternation? They can't go places because you screwed up who they are. You don't think that's a harm to the community?

*     *     *

I think [Appellant is] a bright guy. I don't think that he's lazy. I just think that he has no regard for where his freedom ends and other people's begins. I think he'll use people. He uses people the way I use an ink pen. It's just, he dismisses it. He has no regard for what the things that he's done -- how it affects other people . . . He casts them away. I mean, he doesn't care about these people whose lives he screwed up. He doesn't care. He just wants to keep living his fantasy life. He does stuff he doesn't need to do just to burn up the [credit] card. He's going to Hershey Park spending stupid money on things. I could see if he was paying his bills. He's just living the lush life. That's what he does.

*     *     *

You keep saying flimflam stuff, going as long as you can, because even when you get caught you didn't quit, you got [more] cards and fled. You were caught in Lehigh, you were caught in Hershey Park . . . You were caught. I mean, you don't change. . . . You didn't change. You just thought that you could keep ahead of the police. But they grabbed you and all this caught up with you. It's like an accordion. You're getting smashed right now. You're flying girls in. You got prostitutes flying in. You got filthy rich, and this crew. I mean, you're just -- this is unconventional crime. . . . This isn't something that just happened overnight. What I see from reading about you is this is your life. You know that network. You know who to get cards from. . . . See, you got the cards and you wanted to burn them. You wanted to burn and max them out. You went to Hershey Park. You went to goofy places. If you were using these in a way where, I'm trying to pay my kids' tuition or I'm trying to pay some bills -- you're just going out and spending money on goofy things. It's different to me when someone's stealing for food and someone's stealing just to be a show-off. I mean, you're a show-off. You like to -- I mean, you inflict this type of financial injury just being a show-off. I don't know who was around you, but guys like you like for other people to see that you're smarter than everyone else. So you are. You're the smartest guy. You're the smartest guy on your pod now. I'm

- 6 -

sentencing you to 3 to 6 years in a state correctional institution. I'll sentence you to a year at each one of the cases, to run concurrent to the other sentence. You're going to be on probation for 7 years.

*Id.* at 23, 24-25, 28-30.

Based on our review of the record, particularly the notes of testimony from the sentencing hearing, we conclude that the trial court provided adequate reasoning when imposing Appellant's sentence. In addition to reviewing Appellant's pre-sentence investigation report – which Appellant concedes[2] – the trial court discussed Appellant's character, the nature of his crimes, and their impact on the victims. Accordingly, we are satisfied that the trial court provided adequate reasons for Appellant's sentence, and thus discern no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018

---

[2] "Yes, the lower court had the benefit of a pre-sentence report. And [Appellant] acknowledges that an on-the-record statement for the reasons for a sentence can be satisfied by the court's acknowledgement that it's been informed by a pre-sentence report." Appellant's Brief at 27 (footnotes omitted).